IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Elizabeth Ann Tillman, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>Warden of Leath Correctional )<br>Institution, )<br>)<br>Respondent. )<br>) | Civil Action No. 6:15-3114-JMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The petitioner, a state prisoner proceeding *pro se*, seeks habeas corpus relief pursuant to Title 28, United States Code, Section 2254.

    Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(c)(D.S.C.), this magistrate judge is authorized to review post-trial petitions for relief and submit findings and recommendations to the district court.

## BACKGROUND

    The petitioner is currently confined at Leath Correctional Institution in the South Carolina Department of Corrections ("SCDC"). She was indicted by a Lexington County Grand Jury in October 2007 for possession of a firearm during the commission of a violent crime (2007-GS-32-03037), assault and battery with intent to kill (2007-GS-32-03036), and first degree burglary (2007-GS-32-03035) (app. 88-93).

    On October 30, 2007, the petitioner pled guilty as charged before the Honorable Kenneth G. Goode. As presented at the guilty plea hearing, the petitioner picked the lock on the front door of the victim's residence with a credit card and forcibly entered the residence armed with a handgun (app. 15). The victim closed herself and her son in her bedroom. The petitioner then shot the victim multiple times through the bedroom door, striking her in the hands and leg (*id.*). The victim and her son fled the home through a

bedroom window, and the petitioner ran out the front door after them, chasing them down the street and shooting at them (app. 15-16). Subsequently, the petitioner confessed to law enforcement that she "planned this incident, planning on killing [the victim], and that she was going to duct tape her and kill her mother when her mother came home that night as well" (app. 17-18). Judge Goode sentenced the petitioner to twenty years on the assault and battery with intent to kill indictment, a consecutive five years for the possession of a firearm during the commission of a violent crime, and another consecutive five years for the second degree burglary (violent) charge.

The petitioner timely noticed her direct appeal on November 15, 2007 (doc. 17-2). Katherine Hudgins, Appellate Defender with the South Carolina Commission on Indigent Defense, briefed the following issue pursuant to *Anders v. California*, 388 U.S. 924 (1967): "Was the guilty plea rendered involuntary because the judge failed to advise that the sentences for each charge would be imposed consecutively?" (doc. 17-3). On February 8, 2010, the South Carolina Court of Appeals dismissed the petitioner's direct appeal.

On November 23, 2010, the petitioner filed a *pro se* application for post-conviction relief ("PCR") (app. 35-43). In her application, the petitioner alleged: (1) her plea was not voluntarily and intelligently entered, (2) ineffective assistance of counsel, and (3) denial of due process and fundamental fairness (app. 37). In support of her claims, the petitioner cited that counsel (a) failed to provide a psychiatric expert to assist at trial, (b) failed to conduct a proper and adequate pre-trial investigation, and (c) that her plea "was not a lesser included plea" (app. 38).

The State made its return on February 28, 2011 (app. 45-49). On April 27, 2012, the petitioner filed a memorandum of law in support of motion for relief pursuant to the Uniform Post-Conviction Procedure Act, S.C. Code 17-27-10, *et. seq*. (app. 51-57). The petitioner raised the following issues in her memorandum:

> 1. The petitioner received ineffective assistance of counsel during trial in violation of the Sixth Amendment to the United States Constitution when counsel failed to conduct proper pre-trial investigation.

> 2. The petitioner was denied Fundamental Fairness to a fair trial when the court engaged in Judicial Misconduct.
>
> 3. The petitioner was denied Fundamental Fairness to a fair trial when the solicitor engaged in prosecutorial misconduct.
>
> 4. Trial counsel was ineffective for failing to advise the petitioner of her right to a jury trial.
>
> 5. Court lacked subject matter jurisdiction to accept guilty plea where there was not a lesser included plea and petitioner did not waive presentment.
>
> 6. Plea was not knowingly and voluntarily where petitioner was not advised of each and every element of her charge and where applicant was forced to plead guilty where counsel did not advise her that one of her charges were dropped.
>
> 7. Counsel was ineffective because she said that the solicitor [won't] do no plea-bargains.
>
> 8. Counsel was ineffective because counsel engaged in lawyer misconduct.
>
> 9. Petitioner was denied right to discovery.
>
> 10. Petitioner was denied due process of law and the right to experts for the defense in preparation of the defense.

(App. 51-57).

On August 14, 2012, an evidentiary hearing was held before the Honorable W. Jeffrey Young. Charles T. Brooks, III, represented the petitioner, and Assistant Attorney General Kaelon May appeared on behalf of the State. The petitioner and her former plea counsel testified (app. 58). By order filed January 14, 2013, Judge Young denied and dismissed the application with prejudice (app. 78-87).

Subsequently, the petitioner's PCR counsel timely filed a notice of appeal (doc. 17-7). Wanda Carter with the South Carolina Commission on Indigent Defense represented the petitioner and briefed the following issue:

> Trial counsel erred in isolating one defense, which was an insanity defense, as the only defense in the case rather than seeking the opinions of medical experts to assist in the

> preparation of a guilty but mentally ill defense because the facts here supported such a defense, particularly where petitioner explained that she "snapped" before the crimes were committed.

(Doc. 17-8). Assistant Attorney General Walt Whitmire made the return to petition for writ of certiorari on behalf of the State (doc. 17-9). On August 21, 2014, the South Carolina Supreme Court denied the petition. The remittitur was issued on September 8, 2014, and was filed in the Office of the Clerk of Court in Lexington County on September 9, 2014 (docs. 17-11 and 17-6).

The Clerk of Court received and filed the petitioner's federal habeas petition on August 7, 2015 (doc. 1). In her federal petition, the petitioner makes the following claims:

> **Ground One**: Involuntary Irrational Plea Ineffective Asst of Counsel - layered through PC
> **Supporting Facts**: Re: AWIK - no intent to kill
> PC Hearing P. 8 August 14, 2012
>
> **Ground Two**: Sentence not legal – Ineffective Asst of Counsel - layered
> **Supporting Facts**: All 3 charges were for common events should have been sent. Concurrent not consecutive. Not aware of potential for consecutive sentence.
> PC Hearing p. 7: 15-20
> August 14, 2012
>
> **Ground Three**: Mental health mitigation not litigated layered ineffect. of counsel
> **Supporting Facts**: Def. not evaluated for Abused Woman Syndrome
> PC Hearing p. 8-9 August 14, 2012

(Doc. 6-1 at 5-8).

On December 14, 2015, the respondent filed a motion for summary judgment (doc. 18) and a return (doc. 17). By order filed the same date, pursuant to *Roseboro v.*

4

*Garrison*, 528 F.2d 309, 310 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if she failed to adequately respond to the motion (doc. 19). The petitioner did not timely respond. Accordingly, as the petitioner is proceeding *pro se*, on January 25, 2016, the undersigned issued an order giving the petitioner through February 16, 2016, to file her response and again advising her of the consequences if she failed to respond (doc. 22). On February 16, 2016, the petitioner filed a response in opposition to the motion for summary judgment (doc. 24).

## APPLICABLE LAW AND ANALYSIS

### *Summary Judgment Standard*

Federal Rule of Civil Procedure 56 states, as to a party who has moved for summary judgment: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). As to the first of these determinations, a fact is deemed "material" if proof of its existence or nonexistence would affect the disposition of the case under the applicable law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings; rather, he must demonstrate that specific, material facts exist that give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient

to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

### *Exhaustion*

Before seeking habeas corpus relief, the petitioner first must exhaust her state court remedies. 28 U.S.C. § 2254(b)(1)(A). In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203, SCACR; S.C. Code Ann. §§ 17–27–10,–90; *Blakeley v. Rabon*, 221 S.E.2d 767, 770 (S.C.1976). The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review. *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002); *see also In re Exhaustion of State Remedies in Criminal and Post-Conviction Relief Cases*, 471 S.E.2d 454 (S.C. 1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [v. Boerckel*, 526 U.S. 838 (1999)]." 559 S.E.2d at 854.

The petitioner filed a direct appeal, which was ultimately dismissed by the South Carolina Court of Appeals. She also pursued and exhausted her PCR remedy. The PCR court dismissed the application, the petitioner appealed, and certiorari was denied. Accordingly, the petitioner has neither direct appeal nor PCR remedies available to her, and this petition should not be dismissed to pursue additional state remedies.

### *Statute of Limitations*

The petition in this case was filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Accordingly, the provisions of the

AEDPA apply. *Lindh v. Murphy*, 521 U.S. 320, 336-37 (1997). The respondent first argues[1] that the petition is untimely under the one-year statutory deadline set forth in the AEDPA. This court agrees.

The one-year time period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] However, "[t]he time during which a properly filed application for State post-conviction or collateral relief with respect to the pertinent judgment or claim that is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2). State collateral review tolls the one-year statute of limitations under Section 2244(d)(1)(A) for properly filed pleadings, *Artuz v. Bennett*, 531 U.S. 4, 8 (2000), but it does not establish a right to file within one year after completion of collateral review. *Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000).

Here, the petitioner's state court convictions became final on February 23, 2010, which was fifteen days after the Court of Appeals dismissed her direct appeal on February 8, 2010. *See* Rule 221, SCACR (petition for rehearing must be made within fifteen days after judgment of appellate court). Accordingly, the statute of limitations began to run on February 24, 2010. The petitioner then filed her state PCR action on November 23, 2010, at which time 272 days of untolled time had elapsed. The statute of limitations was tolled pursuant to 28 U.S.C. § 2244(d)(2) until September 9, 2014, when the remittitur from the South Carolina Supreme Court was filed in the Office of the Clerk of Court for Lexington County (doc. 17-6). *See Beatty v. Rawski*, 97 F. Supp. 3d 768, 775-76, 780 (D.S.C. 2015) (finding that final disposition of a PCR appeal in South Carolina does not occur until the remittitur is filed in the circuit court, and thus the Section 2254(d)(1) statute of limitations

---

[1]As this court recommends that the petition be dismissed as untimely, the respondent's remaining arguments will not be addressed.

[2]The statute provides other possible start dates for the one-year time period that are not relevant here. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

is tolled until that time). Accordingly, the statute of limitations began to run again on September 10, 2014.

As the petitioner is a prisoner, she should have the benefit of the holding in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), which held that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the District Court. There is no date stamp on the envelope showing when the petitioner delivered her Section 2254 petition to prison authorities for mailing to the court (*see* doc. 1-1). Accordingly, giving the petitioner every possible benefit of the doubt, the court will assume she delivered her petition to the prison authorities on the date she signed it, July 30, 2015 (*see* doc. 1 at 12), resulting in another 323 days of untolled time between September 20, 2014, and July 30, 2015. Thus, a total of 595 days (272 + 323) of untolled time[3] elapsed prior to the filing of the petitioner's federal habeas petition, and the petitioner exceeded the statute of limitations by 230 days.

To avoid application of Section 2244(d) regarding the timeliness of the instant federal habeas petition, the petitioner must show that the one-year limitations period should be equitably tolled under applicable federal law. *See Holland v. Florida*, 560 U.S. 631 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); *Harris*, 209 F.3d 325 (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted); *see also Holland*, 560 U.S. at 649. Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris*, 209 F.3d at 330. *See also United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control

---

[3]The respondent's calculations are slightly different than the undersigned's (*see* doc. 17 at 9-10).

or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir.2003) (*en banc*).

In her response in opposition to the motion for summary judgment, the petitioner notes that her PCR appellate counsel informed her in a letter dated August 25, 2014, that she had one year to file her federal habeas petition. The petitioner "assumed" this meant that she had one year from the date the Supreme Court of South Carolina denied her petition for writ of certiorari, which was August 21, 2014. However, the petitioner admits that Ms. Carter's letter further informed her that the time between her direct appeal becoming final and the date her PCR application was filed would also count against the statute of limitations (doc. 24 at 1-2). The petitioner claims she "didn't understand that until [she] looked over the summary judgment just now" (*id.* at 2). She further states that she is "illiterate to the things concerning the law" (*id.* at 3). The petitioner's unfamiliarity with the legal process or ignorance of the law cannot support equitable tolling. As a general rule, unfamiliarity with the legal process and lack of legal representation do not warrant equitable tolling. *See Sosa*, 364 F.3d at 512 ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling.") (citations omitted); *see also Harris*, 209 F.3d at 330–31 (noting that unfamiliarity with the legal process or lack of representation are not grounds for equitable tolling) (citations omitted). As the petitioner has failed to show that she is entitled to equitable tolling of the statute of limitations, the petition should be dismissed as untimely.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, it is recommended that the respondent's motion for summary judgment (doc. 18) be granted and the petitioner's Section 2254 petition be dismissed as untimely.

s/ Kevin F. McDonald
United States Magistrate Judge

February 26, 2016
Greenville, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4$_{th}$ Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).